**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GIOVANNY CABALLERO,

    Petitioner,

v.                                              CASE NO: 8:07-cv-2075-T-30EAJ
                                                       Crim. Case No: 8:05-cr-530-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. 1) filed on November 5, 2007. After reviewing the Petitioner's motion, Respondent's answer, and the prior proceedings in the underlying criminal case,[1] the Court concludes that this motion should be denied without an evidentiary hearing because it plainly appears from the face of the record that Petitioner is entitled to no relief.

### Background

Petitioner, Giovanny Caballero (hereinafter referred to as "Caballero" or "Petitioner") was charged by grand jury indictment, filed on December 15, 2005, with conspiracy to possess 1000 or more marijuana plants with the intent to distribute (CR Dkt. 10). He pled guilty on August 11, 2006 (CR Dkt. 296). In his plea agreement, Petitioner waived his right

---

[1] See case number 8:05-cr-530-T-30EAJ

to appeal or collaterally attack his sentence except on the grounds that his sentence exceeds the guideline range as determined by the court, exceeds the maximum penalty under statute, or violates the Eighth Amendment (CR Dkt. 212 at 12-13). Petitioner also retained the right to appeal if the government initiated an appeal to his sentence. *Id.*

At his sentencing hearing, Petitioner affirmed that he read the presentence report ("PSR") and had no objections to its factual accuracy (CR Dkt. 669 at 4). Petitioner's counsel contended both in his sentencing memorandum and at the hearing that the PSR over-represented Petitioner's criminal past. *Id.* When the Court inquired whether counsel was arguing that Petitioner's criminal history was miscalculated or asking for a downward departure, counsel clarified that it was the latter. *Id.* Petitioner's counsel further commented that "[Caballero] was on probation, and that does meet the requirement for the increase from a II to a III. . . ." *Id.* at 8-9. After verifying that there were no objections to either the factual statements or the application of the guidelines within the PSR, the court adopted them as its findings of fact. *Id.* at 5. The Court determined that a three-level downward departure was appropriate in light of Petitioner's substantial assistance and applied a guideline range of thirty-seven to forty-six months in prison. *Id.* at 15. The Court sentenced Petitioner to thirty-seven months in prison and five years of supervised release. *Id.* at 16. Petitioner filed a declaration of his intent not to appeal with the court on November 16, 2006 (CR Dkt. 438).

Petitioner filed the instant motion on November 5, 2007, alleging that he was not, as indicated in the PSR, convicted of a prior felony in Broward County or on probation for a state crime at the time of the charged offense. Petitioner further claimed that his sentence

was in error because of these alleged inaccuracies in the PSR. Following a Court order that he indicate how his motion should be construed, Petitioner filed a motion to construe the motion as a 28 U.S.C. § 2255 motion, and this Court granted the motion (CV Dkt. 13, 14).

The Respondent filed an answer on March 13, 2008 (Dkt. 15). In response to an order to reply within twenty days, Petitioner claimed he had not received a copy of Respondent's answer (Dkt. 17). The Clerk mailed Petitioner a copy of the answer on March 22, 2008. Petitioner did not file a reply to Respondent's answer.

## Discussion

**I.     Petitioner's claim is procedurally barred.**

A claim is generally procedurally defaulted if it is not raised on direct appeal unless the Petitioner can show cause for the failure to raise it and actual prejudice. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Here, Petitioner not only failed to file an appeal, but waived his right to appeal unless sentence exceeded the guidelines or the statutory maximum. Petitioner's sentence was below the guideline range and less than the statutory maximum. This waiver of the right to appeal directly or collaterally applies to a collateral attack through a § 2255 motion. *See Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005).

Further, since Petitioner admitted the facts of his prior record at sentencing, he will not now be heard to argue to the contrary. Petitioner has not shown any cause for his failure to object to the alleged inaccuracies of the PSR at trial or on appeal. The information

regarding his criminal history that Petitioner disputes was available to him at the time of his sentencing.

Thus, Petitioner's claim is procedurally barred from habeas review and the sentence was appropriately based on the facts admitted at sentencing.

## II. Petitioner's claim does not present a cognizable question for review under 28 U.S.C. § 2255.

Even if Petitioner's claim were not procedurally barred, it does not merit habeas relief. Title 28 U.S.C. § 2255 provides that a federal prisoner's sentence may be reviewed for the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States, (2) the court was without jurisdiction to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Petitioner disputes the accuracy of information in the PSR adopted by the Court at his sentencing hearing. He has not raised a constitutional or jurisdictional claim. Further, Petitioner does not allege that his current sentence is a fundamental miscarriage of justice. He only claims that the Court would have imposed a lesser sentence in the face of the information that he now presents. This argument is therefore not cognizable on habeas review, and is also unconvincing because his counsel offered objection to the criminal history

as provided in the PSR at the hearing. The Court imposed the sentence in light of that objection. Additionally, Petitioner's assertion that his probation should not have impacted his criminal history is erroneous. The U.S. Probation Officer responsible for Petitioner's PSR explained in her response to his inquiry that no order for early termination was ever filed (CV Dkt. 15, Att. A). She further clarified that this had no impact on the criminal history contained in his PSR because part of his offense was committed during his term of probation from March 2, 2004 - July 8, 2004. *Id.* Thus, Petitioner's claim does not merit habeas relief.

## Conclusion

For the reasons set forth above, all of Petitioner's claims are without merit and will therefore be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. 651, in the underlying criminal case, case number 8:05-cr-530-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on July 14, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record